Court.
Thomas Youngs, you hear what is alleged againil: you. Do you with to have counfél ?
Prifoner-. If you pleafe, Sir.
Hoffman and Golden being affigned him, requefted a little time to prepare themfelves : the queftion being new it was granted. On the prifoner’s being brought up the next day, by advice of his counfel he ftood mute. They infilling that as the punilhment of peine forte was exprefsly abolilhed, and the firft fection of the law of 21ft March, 1801, ch. 60, applied only to cafes of arraignment, the prefent was a cafus omiffus in which the court had no power.
After fome confultation on the bench, the court ordered the following plea to be entered :
*39 ec That he is not the perfon alleged by the Attorney Gens< eral in his plea to have been formerly convicted of grand ** larceny,”
Referving to the prifoner a right to objeCt to the mode of proceeding and take advantage of any irregularity that might appear. His counfel then hated they meant to contend that the proceedings not fetting forth the record of the former conviñion were erroneous, and the court would not pronounce the judgment prayed for.
Spencer, Attorney General. The identity of perfon and former conviction are circumftances collateral to the offence itfelf: they do not conftitute a part of the crime, and therefore may be pleaded and replied to ore tenus, and a venire awarded returnable inftanter, in the nature of an inqueft of office. This is the conftant practice in cafes where it is doubtful whether a criminal be a lunatic or not; fo, by analogy, the fame mode ihould now be adopted, eipecially as it is a matter in which the court may exercife its difcretion. 1 Hawk. 4. b. 1. c. 1. f. 4. n. (5.) Foft 50, 51. In Great-Britain, when a prifoner is to be oufted of his clergy, the fuggeftion of his former offence is by way of counterplea, and the indictment never takes notice of the previous conviction. 4 Hawk. 254. b. 2. c. 33. f. 19. n. The only mode of trying whether he has before had his clergy is by the certificate prefcribed under the 3 and 4 W. and M. c. 9. f. 7. The King v. Scott & or. 1 Leach, 445. If the feCtion cited from the ftatute of W. and M. be compared with the 2d feCtion of our State Law of 14th of April, 1801, ch. 146. 1 Rev. Laws N. Y. 462, 3. the certificate ordered by our provifions will be found perfectly analagous to that required by the 3 and 4 W. and M. The iirft offence is grand larceny, punifhed in a certain manner : the fecond offence is the fame, with a greater punifhment. In-England the fecond conviction is not availed of in the indictment, but when the prifoner claims the benefit of his clergy, it is counterpleaded. This makes a perfeCt analogy. His identity may be tried by a jury of his country, with the aid of counfel and the right to challenge, at which time he may controvert his former conviction and indictment. Therefore, on principle, it is not neceffary to conneCt the firft with the fecond offence, as the repetition is no part of the crime, but collateral and only incidental to his guilt. All *40 fails that do not enter into the crime, but are mere circtiififiances, are to be inquired of in this way. The books of precedent are filent as to the practice infilled on, and that is an argument for the prefent mode ; the form of the countefpjea -s warranted by Dogharty.
Golden for the prifoner. There is no analogy between the prefent cafe and thofe which have been cited. It is not denied that to ouit of clergy the mode is by counterplea. The prefent fuggeñion cannot be fpoken of as being of the! nature of counterpleas; thefe are fo called becaufe counter to what is pleaded, or claimed by the prifoner after his conviction, when he demands the benefit of his clergy. To the' plea which the prifoner has put in, to do away the force of the fentence, the Attorney General interpofes his counter-plea 5 but he cannot, after trial, fuggeft any new matter. If the crime was as is itated in the counterplea, or fuggeftion, the court below had no jurifdiftion of the offence. Juitices of the SeíEons are ouited of that both by the common law and exprefs words of our State ait of the 2 iff March 1801, Sec. 1. Rev. Laws N. Y. vol. i. 302. That ffatute, after giving the juitices a right to inquire of all offences, &c. and going on to confer on them a right to hear offences of grand larceny, has the following provifo : “ Provided always, “ that it ihall not be lawful- for any of the faid courts to hear “ and determine any indictment of, or for any treafon, miff se prifion of treafon, murder or other felony or crime, which “ is or ihall be puniihable with death, or with imprifonment “ in the State-Prifon for life, but ihall caufe the indictments “ for the fame to be delivered to the next Supreme Court, 11 or court of oyer and terminer or gaol delivery, to be held “ in fuch city or county, there to be determined according to se law.” The queition then is, is this a crime pudilhable with imprifonment for life or not ? Is not this apparent on the record ? If fo, it is conclufive as to the jurifdiction. The court will recoiled: that the law referred to was paffed with a- direCt view of reftraining the juitices in feffions from exercifing any authority where the puniihment was fo fevere. The Legiilature viewed them as a fubordinate tribunal and therefore delegated inferior powers according to the confidence entertained. The practice, on the prefent occafion is not fuch as has been formerly ufed: the mode heretofore adopted has been to make the firft offence a
*41 'charge in the indictment for the fecond, and as this has bceñ 'the line bf conduCt in this country^ it may bé "cbníidered as a cotemporaneous expolltion of our law» It is aflerted that, though this method might be taken-, it is only matter of iorm : it is a matter of form however which gives a juritdiction the -Legiilature has taken away. It is form in one point of view, in another not. This kind of alteration in criminal proceedings is hot allowable. It is neceffary that the previous offence fhould be made a fubftantive charge in the in'diCtment for a fecond, where the púniíhment is augmented by the repetition, becaufe the repetition is the crime. Reafoft tells ns, the fecond offence fnuih be after a conviction for the firft, for it is on a prefumption of the firft puniihment’s not -having induced a reformation, that the fecond is increafed. 1 Hawk. 306. b. 1. c. 40. f. 4. 1 Hale P. C. 685. 1 Leon, 395;, Fleming’s cafe. 3 Dyer 323, Taverner’s cafe. The distinction between clergyable cafes and the prsfent is this ; whether clergy has been allowed or not is not "traverfable, but here the nature of the crime is changed by a fuperadded faCtj, the party therefore muft have an opportunity to traverfe. The time at which the fecond offence was committed is of the feffence of the crime. The coufiterplea is no evidence that the fubfequent felony was after the i6tk February, nor is any ■Hike tendered of that faCi. It ought to have been formally -offered.
•Hoffman on the fame fide. The neceility of filch an Hike will be more evident on recurring to f. 4 of the law declaring what crimes are punilhable with death or iitiprifonment for life* the fecond conviction muft be after fiich firft conviction $ if it be a queftion then whether the fecond offence was "committed after the firft conviction it is a fact not inquirable here, but by a jury. Before them, for an offence fubjeCting to the púniíhment now aiked, the prifoner is entitled to a peremptó■ry challenge of twenty;† f this right by the prefent mode is taken away: for tin a collateral Hike it cannot be exercifed. Ratcliff’s cafe Fof. 42. Doghartv is a precedent in point, and in the very one adduced by Mr. Attorney, the former conviction is fet forth.
Spencer, Attorney General, infift’ed bn his former arguments and that this was properly a cdunterplea; becaule, when the prifoner is aiked what he has to fay why more than
G *42 fourteen years 'imprifonment ihould not be awarded, he muft allege the conviffion to be on his firft offence : this is his plea. 5 then the fuggeftion read is the counterplea. The praffice rélied on has not antiquity enough to eftablilh it, and the dif- . ^v ° ■ . ' , tinffion between taking away clergy, and augmenting the puniihment, amounts to the fame thing, for they both vary the fentence. The idea under which the proceedings have been carried on is, that the trial might be below, and the judgment here.
Per curiam. The priioner was conyiffed at a coiirt of General Sejftons of the peace, held in and for the city and County of Albany, of a grand larceny. The record of his conviffion is removed into this court, on which a fuggeftion ■is entered that he had heretofore been conviffed of a fimilar offence*. • On this the public profecutor has moved for judgment of commitment to the State-Prifon for. life, according to the aff in fuch cafe made and provided, or that the prifoner take iftue on fuch iuggeftion. The court doubting of the regularity of this mode of proceeding afligned counfel. The point has been ably argued and they are now to give their judgment.
From the authorities and precedents-that have been laid before us, there can be little doubt, that in England, when a prifoner prays his benefit of clergy, and the queftion is, whether it- hath not been on another occafion extended to him, this is the mode (under the appellation of a counterplea) that is generally purfued. In cafes however where the firft offence forms an ingredient in the fecond, and becomes a part of it, fuch firft offence is invariably fet forth in the indiffment for the fecond.
A fimilitude is faid to exift between the prayer of clergy in England, and a denial of a former conviffion with us, and that therefore the fame mode of proceeding is equally correff in the one cafe as in the other. But on ftriff examination, there will be found to exift no analogy between them, and that we cannot adopt the fame mode of proceeding without depriving the prifoner of an important privilege fecured to him by ftatute. ' . .
It is true that much inconvenience may and probably will arife from this decifion. Few conviftions for fecond offences will be likely to take place ;■ but the remedy lies not within *43 our reach. By a ftatute of this State every perfon who íhall be indicted for an offence, the punifhment whereof íhall be, on conviction, confinement for life in the State-Prifon, is entitled, when put on his trial, peremptorily to challenge twenty of his jurors. The form of proceeding now contended for would effectually deprive the prifoner of this right. It is no anfwer to this objection to fay, his right of challenge may on the trial of this collateral queftion be extended to him, even fhould it be proper to allow it him on fuch occafions. He, is entitled to it when tried for the principal felony, and had he not been deprived of it, might have been acquitted. Another objection, and a ftrong one, arifes from the circumftance of his conviction having taken place before a court of feffions. The ftatute declaring the powers of jultlces of feffions exprefsly prohibits them from trying indictments where the punifhment on conviction is confinement for life. Had it appeared then from the indictment that he was to be put upon his trial for a fecond offence, a plea to the jurifdiCtion would have tied up the hands of fuch court and have carried his caufe for trial to a tribunal that could have extended to him all his rights. We are of opinion this court can give no other judgment in the cafe than fuch as the feffions might have done, which exceeds not the punifhment of fourteen years confinement. N. B. The prifoner was fentenced to five years.

 21st March 1801. c. 58. 1 Rev.Laws N. Y. 254.

 21stMarch 1801. c. to. f. 9, %